UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COREY BLOCKER,

       Plaintiff,                                Hon. Robert J. Jonker

v.                                             Case No. 1:20-cv-988

STATE OF MICHIGAN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action on October 15, 2020, against the State of Michigan, Governor Gretchen Whitmer, and Bank of America. (ECF No. 1). Because Plaintiff has been permitted to proceed as a pauper (ECF No. 7), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

## BACKGROUND

On May 19, 2020, Plaintiff initiated an action against the State of Michigan and Governor Whitmer. *Blocker v. State of Michigan*, 1:20-cv-444 (W.D. Mich.). On July 6, 2020, the Court dismissed that action on the ground that it failed to state a claim on which relief may be granted. On August 17, 2020, Plaintiff initiated a

1

separate action styled as a "collateral attack" on the judgment dismissing his previously filed action. *Blocker v. State of Michigan*, 1:20-cv-772 (W.D. Mich.). On September 25, 2020, the Court dismissed that action on the ground that it failed to state a claim on which relief may be granted. Plaintiff has now initiated a third action "to collateral attack case 1:20-cv-772." Plaintiff requests various relief including that "all involved except the court clerks be hung" for their alleged actions.

To the extent Plaintiff asserts a claim based on alleged harm caused by the dismissal of his prior action(s), he has failed to state a claim. Plaintiff's conclusory allegations that the Court committed "fraud" in dismissing his prior action(s) is insufficient. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009).

To the extent Plaintiff initiated the present action seeking to appeal the dismissal of his previous action, jurisdiction for such a claim rests in the Sixth Circuit. *See* 28 U.S.C. § 1291 (the "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States. . . ."); *see also, Metro Hydroelectric Co., LLC v. Metro Parks*, 541 F.3d 605, 610 (6th Cir. 2008) ("it is to be presumed that a cause lies outside [a federal court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction").

## **CONCLUSION**

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 30, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge